IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01889-TPO

JUSTIN SKAGGS,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
DEPUTY DIEGO VILLALPANDO-HERNANDEZ, in his individual and official capacity,
DEPUTY ANDREW SALAZAR, in his individual and official capacity,
DEPUTY JASON SPADACCINI, in his individual and official capacity,

Defendants.

---

AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff, by and through his attorney, Bovo Law Group, LLC, files this Complaint and states and alleges the following:

**I. JURISDICTION**

1. This complaint seeks damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of Plaintiff's civil rights.

2. Jurisdiction is founded on 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. The state law claims arise from the following statutes: C.R.S. § 13-21-131.

## II. VENUE

4. The acts or omissions giving rise to Plaintiff's claims arose in Denver County, Colorado. Thus, pursuant to U.S.C § 1391(b)(2), venue is proper in the District of Colorado.

## III. PARTIES

5. At all times relevant to this action, Plaintiff Justin Skaggs was a citizen of the United States of America and a resident of the State of Colorado.

6. Defendant City and County of Denver ("Denver") is a municipality organized under Colorado law and is a "person" subject to suit under 42 U.S.C. § 1983. At all relevant times, Defendant Denver was the employer of all the other defendants listed as co-defendants through the Denver Sheriff's Office.

7. At all times relevant to this action, Defendant Diego Villalpando-Hernandez was a citizen of the United States of America and a resident of Colorado employed by the Denver Sheriff's Office and was acting within the course and scope of that employment. Upon information and belief, Diego Villalpando-Hernandez was acting under the color of state law in his capacity as a Sheriff's Deputy.

8. At all times relevant to this action, Defendant Andrew Salazar was a citizen of the United States of America and a resident of Colorado employed by the Denver Sheriff's Office and was acting within the course and scope of that employment. Upon information and belief, Andrew Salazar was acting under the color of state law in his capacity as a Sheriff's Deputy.

9. At all times relevant to this action, Defendant Jason Spadaccini was a citizen of the United States of America and a resident of Colorado employed by the Denver

Sheriff's Office and was acting within the course and scope of that employment. Upon information and belief, Jason Spadaccini was acting under the color of state law in his capacity as a Sheriff's Deputy.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff Justin Skaggs was an inmate at the Denver Detention Facility, during the operative time period of November 8, 2022.

11. On November 8, 2022, at the Denver Detention Facility, Plaintiff Skaggs was ordered to lock down and Deputies Villapando, Salazar, and Spadaccini engaged with Plaintiff Skaggs.

12. Mr. Skaggs refused to lock down.

13. Defendant Villalpando-Hernandez struck Mr. Skaggs approximately two times to the head and face with a closed fist.

14. Defendant Villalpando-Hernandez struck Mr. Skaggs in the rib area.

15. Defendants Spadaccini and Salazar witnessed Defendant Villalpando-Hernandez use excessive force on Mr. Skaggs.

16. Defendant Spadaccini intentions were to disable Mr. Skaggs, not use excessive force, yet he did not stop Defendant Villalpando-Hernandez from using excessive force.

17. Defendant Salazar admitted to letting Defendant Villalpando-Hernandez control the situation.

18. Defendants Salazar and Spadaccini assisted Defendant Villalpando-Hernandez in gaining physical control of Mr. Skaggs so Defendant Villalpando-Hernandez could utilize excessive force on Mr. Skaggs.

19. Defendants Salazar and Spadaccini did not stop Defendant Villalpando-Hernandez from using excessive force on Mr. Skaggs.

20. Defendant Villalpando-Hernandez was found to have committed misconduct for inappropriate force on a person, Mr. Skaggs, and unlawful use of force, and was suspended for 10 days.

21. Defendant Villalpando-Hernandez was previously disciplined for excessive use of force on June 27, 2018 and received an eleven day suspension.

22. Defendant Villalpando-Hernandez was previously disciplined for a rewards and gratuities violation on May 8, 2020 and received a three day suspension.

23. Plaintiff Skaggs sustained multiple rib fractures as a result of the misconduct.

## V. STATEMENT OF CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Eighth Amendment Excessive Force**
**(Against Defendant Villalpando-Hernandez)**

24. Plaintiff hereby incorporates all other paragraphs of this Complaint as if set forth herein.

25. Defendant Villalpando-Hernandez was at all times relevant hereto, was acting under color of state law in his capacity as a law enforcement officer.

26. At the time of his assault, Mr. Skaggs had a clearly established right under the Eighth Amendment to the United States Constitution to be secure in his person against excessive force, including through the use of excessive force in carrying out a seizure of his person.

27. Defendant Villalpando-Hernandez's conduct violated clearly established rights belonging to Mr. Skaggs of which any reasonable law enforcement officer knew or should have known.

28. Defendant Villalpando-Hernandez was aware and on notice of those rights from prior disciplinary actions taken against him.

29. Defendant Villalpando-Hernandez's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Mr. Skaggs' federally protected rights, and he engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Mr. Skagg's constitutionally protected rights.

30. The acts or omissions of Defendant Villalpando-Hernandez, including the unconstitutional customs, policies, and practices described herein, were a legal and proximate cause of Plaintiff's damages.


**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Ratification and Failure to Train or Supervise**
**(Against Defendant Denver)**

31. Plaintiff hereby incorporates all other paragraphs of this Complaint as if set forth herein.

32. Defendant Denver ratified the unlawful use of excessive force alleged herein, and failed to train and supervise Defendants Villalpando-Hernandez, Salazar, and Spadaccini.

33. Defendant Denver was aware of the prior disciplinary history of Defendant Villalpando-Hernandez before the incident with Mr. Skaggs.

34. Defendant Denver failed to terminate Defendant Villalpando-Hernandez for similar unlawful misconduct and violation of rights of inmates, thus ratifying the widespread practice of excessive force.

35. Defendant Denver failed to terminate Defendant Villalpando-Hernandez after the most recent unlawful misconduct and violation of the rights of Mr. Skaggs.

36. Defendant Denver failed to discipline Defendants Salazar and Spadaccini for failing to intervene when Mr. Skaggs rights were being violated by Defendant Villalpando-Hernandez.

37. Since Defendant Villalpando-Hernandez committed a similar prior unlawful misconduct, Defendant Denver failed to train or supervise Defendant Villalpando-Hernandez to insure he did not repeat the same misconduct.

38. Defendant Denver did not discipline Defendants Salazar or Spadaccini for their failure to intervene when another officer is violating an inmate's rights.

39. Defendant Denver failed to train or supervise Defendants Salazar and Spadaccini on how to respond and report another officer violating the rights of an inmate, before or after the incident in this matter.

40. These customs, policies, and practices were the driving forces and proximate causes of Defendant's constitutional violations against Mr. Skaggs.

41. Defendant Denver was deliberately indifferent to the constitutional rights of Mr. Skaggs, knowing that its customs, policies, and practices would inevitably result in the excessive force employed by individual Defendants.

42. The acts or omissions of Defendant Denver caused Mr. Skaggs to suffer extreme physical and mental pain during the assault.

43. The acts or omissions of Defendant Denver were a legal and proximate cause of Plaintiff's damages.

**THIRD CLAIM FOR RELIEF**

**Police Integrity Act (PIA) C.R.S. § 13-21-131**

**Deprivation of Rights**

**(Against Defendants Villalpando-Hernandez, Salazar and Spadaccini)**

44. Plaintiff realleges and incorporates by reference the above paragraphs and brings the following claim against Defendants Villalpando-Hernandez, Salazar and Spadaccini.

45. Defendants are Denver Sheriff's Deputies and therefore covered by the PIA.

46. Defendants are employed by the Denver Sheriff's Office in Denver, Colorado.

47. Defendants are responsible for the safety of inmates such as Mr. Skaggs.

48. Defendant Villalpando-Hernandez used excessive force on Mr. Skaggs on November 8, 2022.

49. Defendant Villalpando-Hernandez, by the utilization of excessive force on Mr. Skaggs, deprived Mr. Skaggs of his civil rights as alleged above.

50. Defendant Salazar failed to intervene when he witnessed Defendant Villalpando-Hernandez use excessive force on Mr. Skaggs.

51. Defendant Salazar admits to assisting Defendant Villalpando-Hernandez in grabbing and detaining Mr. Skaggs.

52. Defendant Spadaccini failed to intervene when he witnessed Defendant Villalpando-Hernandez use excessive for on Mr. Skaggs.

53. Defendant Spadaccini admits to assisting Defendant Villalpando-Hernandez in grabbing and detaining Mr. Skaggs.

54. Defendants are liable for Mr. Skaggs' injuries.

55. Defendants are not entitled to statutory immunities or limitations of liability and damages, such as the Colorado Governmental Immunity Act.

56. Defendants are not entitled to qualified immunity.

57. Defendants' position is as a peace officer as considered under C.R.S. § 24-31-901.

58. The actions of Defendants resulted in serious injury.

59. As a direct and proximate result of Defendants' violation of the Police Integrity Act, Plaintiff Skaggs suffered injury and damages including pain and suffering, loss of enjoyment of life and quality of life, permanent physical impairment, economic damages, and emotional distress.

WHEREFORE, Plaintiff prays for judgment for the Plaintiff and against Defendants and asks this Court to award him all of the relief allowed by law, including, but not limited to, the following:

A. Money damages, including compensatory, economic, non-economic, special, and punitive damages against Defendants for all losses and damages suffered as a result of the negligence and civil rights violations complained of herein.

B. Pre-judgement interest on all damages.

C. Costs and disbursements of this action, including reasonable attorneys' fees pursuant to Section 1988.

D. Post-judgement interest.

E. Such other and further equitable or injunctive relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

Bovo Law Group, LLC


*s/ Todd Frank Bovo*
Todd F. Bovo
Attorney for Plaintiff
650 South Cherry Street, #1225
Denver, CO 80246
Phone: (303) 333 4686
Fax: (303) 595 5334
Email: todd@bovolaw.com

Plaintiffs' Address:
825 Delucchi Ln #91
Reno, NV 89502